499 S.E.2d 298

**STATE of West Virginia ex rel., Sergeant T.A. BARRICK, West Virginia State Police, a government agency, Petitioners,**

v.

**Honorable Robert B. STONE, Judge of the Circuit Court of Monongalia County, and R.E.P., Respondents.**

**No. 24473.**

Supreme Court of Appeals of
West Virginia.

Submitted Nov. 4, 1997.

Decided Dec. 11, 1997.

Darrell V. McGraw, Jr., Attorney General, Dolores A. Martin, Assistant Attorney General, Charleston, for Petitioners.

Lonnie C. Simmons, DiTrapano & Jackson, Charleston, for Respondent, Honorable Robert B. Stone.

Rose Marie Esposito, WVU Student Legal Services, Morgantown, for Respondent R.E.P.

STARCHER, Justice:

In this case we hold that a circuit court erred in requiring the West Virginia State Police's Criminal Investigation Bureau ("CIB") to partially expunge criminal history record information regarding an individual.

I.

*Facts & Background*

The petitioners, the West Virginia State Police ("State Police") and Sergeant Barrick, head of the CIB, invoke the original jurisdiction of this Court by a writ of prohibition to

prevent the enforcement of an order entered by the respondent, the Honorable Robert B. Stone, Judge of the Circuit Court of Monongalia County, West Virginia, requiring the CIB to partially expunge criminal history record information regarding the respondent R.E.P. (We refer to R.E.P. by his initials at his request and in keeping with our practice involving sensitive issues where the disclosure of a name is not appropriate.)

As we recently discussed in *State ex rel. State Police v. Taylor*, 201 W.Va. 554, 499 S.E.2d 283 (1997), the CIB serves as a central depository for the storage of fingerprints and other records of persons arrested or detained by law enforcement officers. The CIB is established pursuant to *W.Va.Code*, 15–2–24 [1977].

On September 13, 1994, R.E.P. was arrested by the Morgantown City Police Department and charged with the crime of shoplifting. On November 3, 1994, R.E.P. entered a plea of guilty in the Municipal Court of the City of Morgantown, West Virginia, to the charge of shoplifting, and paid a fine. On June 3, 1997, the respondent Judge Stone, pursuant to a Petition for Expungement filed on behalf of R.E.P. issued an order which in part directed:

1.  The order stated, in pertinent part:
    The Court recognizes that [R.E.P.] has successfully continued with his studies at West Virginia University, and has graduated with plans to pursue a career in teaching.
    The Court is of the opinion that it is unable to completely grant the petitioner's request. However, recognizing the petitioner's accomplishments and pursuits, the Court is also of the opinion that it would be unfortunate if the petitioner were prevented from continuing with his goals. Accordingly, the Court does hereby
    ORDER that the relief requested should be denied in part. However, the Court does further
    ORDER that the petitioner shall be entitled to hereafter have his criminal record expunged and therefore considered to be null and void for all professional licensing purposes, as well as all employment application and record purposes. It is further
    ORDERED that the Clerk of the Morgantown Municipal Court and the Clerk of the Records of the Morgantown City Police shall expunge and therefore consider null and void for purposes of professional licensing, as well as for purposes of employment application and record, all records of petitioner's arrest and conviction filed under City of Morgantown v. [R.E.P.] It is further

[T]he Criminal Investigation Bureau of the West Virginia Department of Public Safety [to] expunge and therefore consider null and void for purposes of professional licensing, as well as for purposes of employment application and record, all handprints, thumbprints, mug shots, and all other records—computer and otherwise—of Petitioner's arrest and conviction.[1]

■ We need not decide in the instant case whether, as respondent R.E.P. contends, a circuit court has the power to enter an order, pursuant to its inherent authority to enter such orders as justice requires in connection with its core functions, and/or pursuant to the Uniform Declaratory Judgment Act, *W.Va.Code*, 55–13–1 to –16, to the effect that an otherwise valid criminal conviction obtained within the court's jurisdiction for a minor nonviolent offense should be regarded as null and void for employment or licensing purposes.

However, assuming such a power *arguendo*, it can in no wise be construed to extend to ordering the petitioners to expunge criminal history record information.[2] No statute or constitutional precept operates to require us to find that expungement by a court order is authorized in these circumstances, and we

ORDERED that the Criminal Investigation Bureau of the West Virginia Department of Public Safety shall expunge and therefore consider null and void for purposes of professional licensing, as well as for purposes of employment application and record, all handprints, thumbprints, mug shots, and all other records—computer and otherwise—of petitioner's arrest and conviction.

Thereupon, petitioner presented his petition for expungement and the Court, upon review of the petition and upon consideration of the arguments of counsel, and there being no objection by the City of Morgantown, realizes the implications presented by a criminal record, however, there is no common law or statutory basis in the State of West Virginia for total expungement of a record for this type of misdemeanor. Thus, the Court is without the authority to completely expunge the record of this young man, but it is only because of the lack of statutory or common law authority that it fails to do so.

2.  *W.Va.Code*, 15–2–25 [1977], using the word "may" in all instances where it discusses the release of criminal history record information, thereby grants CIB discretion in the release of information.

are cited to no authority for such a power from other jurisdictions.

Consequently, we find that a circuit court, absent extraordinary circumstances and to protect constitutional rights or some other compelling public policy imperative, does not in the absence of statutory authority have the power to order the expungement of criminal history record information regarding a valid criminal conviction maintained by the State Police Criminal Investigation Bureau pursuant to *W.Va.Code,* 15–2–24 [1977].

Therefore, the circuit court's order, no matter how well motivated, was erroneous. The writ of prohibition is granted.

Granted.