# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE:                                        :        Civil Action No.:        08-mc-0032 (RMU)
                                              :
PETITION OF LANAI REID                        :        Document No.:        5

### MEMORANDUM OPINION

#### DENYING THE PETITIONER'S MOTION FOR RECONSIDERATION

### I. INTRODUCTION

The petitioner requests that the court reconsider its August 7, 2008 decision denying her expunction request filed on January 15, 2008. Pet. at 1-8. At an unspecified time, the petitioner pled guilty to "assault with a dangerous weapon (ashtray)[,] felony threats and [a] misdemeanor Bail Reform Act violation" in the D.C. Superior Court. *Id.* at 1-2. She petitioned the court to exercise its inherent equitable powers to expunge the records associated with her guilty plea. *See generally id.* The court denied this request because she failed to submit evidence of exceptional circumstances compelling such relief. Mem. Op. (Aug. 7, 2008) at 1. Even assuming the petitioner proffered an adequate excuse for failing to provide evidence submitted with her motion for reconsideration, she does not offer a persuasive reason for expunction. Accordingly, the court denies the petitioner's motion for reconsideration.

### II. BACKGROUND

The following facts are solely derived from the petition. In 2002, the petitioner graduated from the University of Maryland Eastern Shore with a degree in veterinary medicine. Pet. at 1. Shortly after graduation, the petitioner was diagnosed with bipolar disorder. *Id.* As doctors adjusted her medications so that she could lead a normal, productive life, the petitioner "incurred criminal charges while in the manic phase of her illness." *Id.* She pled guilty to "assault with a

dangerous weapon (ashtray)[,] felony threats and [a] misdemeanor Bail Reform Act violation" in the D.C. Superior Court. *Id.* at 1-2. Superior Court Judge Erik Christian sentenced the petitioner to probation, which expired on January 21, 2007. *Id.* at 2. The petitioner completed probation without incident. *See id.*

Despite being an "intellectually capable, law abiding citizen" before and after the felony conviction, being a convicted felon has "hampered the promising and rewarding future once assured [the petitioner]." *Id.* Indeed, the petitioner in both her petition and motion for reconsideration asserts that she has been denied employment due to her felony conviction. *Id.*

## III.  ANALYSIS

### A.  Relief Under Federal Rule of Civil Procedure 60(b)

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b). FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986). First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b). Such relief under Rule 60(b) turns on equitable factors, notably whether any neglect was excusable. *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 392 (1993). Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence. FED. R. CIV. P. 60(b). Third, the court may set aside a final judgment for fraud, misrepresentation, or other misconduct by an adverse party. *Id.*; *Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C. Cir. 1957). Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel."

*Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993) (Sporkin, J.) (citations omitted). Fourth, the court may grant relief where the judgment is "void." FED. R. CIV. P. 60(b). A judgment may be void if the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999). Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed . . . or it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)). Sixth, the court may grant relief from a judgment for "any . . . reason justifying [such] relief." FED. R. CIV. P. 60(b). Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances." *Pioneer Inv. Servs.*, 507 U.S. at 393.

A party proceeding under one of the first three reasons must file his Rule 60(b) motion within one year after the judgment at issue. FED. R. CIV. P. 60(b). A party relying on one of the remaining three reasons may file his Rule 60(b) motion within a reasonable time. *Id.* The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

### B. The Court Denies The Petitioner's Motion for Reconsideration

The petitioner restates the arguments in her petition, to wit: she was a good student but had psychological problems at the time of the incident, and the conviction has prevented her from obtaining meaningful employment. Pet'r's Mot. for Reconsid. at 5-6. In addition, the

petitioner attaches transcripts and medical records to support her assertions.[1] *See generally* Pet'r's Supp., Exs. 1-2. She does not, however, explain how this information fulfills her obligation under any one of the several avenues of relief under Rule 60(b), and indeed, it does not. In fact, nothing the petitioner has provided gives the court pause in reiterating its understanding that a criminal record causes social disabilities and the harm and the petitioner's inability to obtain employment does not warrant expunction. *Menard v. Saxbe*, 498 F.2d 1017, 1023-24 (D.C. Cir. 1974); *United States v. Davis*, 2006 WL 1409761, at *2 (D.D.C. May 23, 2006).

## IV.  CONCLUSION

For the foregoing reasons the court denies the petitioner's motion for reconsideration. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 22nd day of January, 2009.

RICARDO M. URBINA
United States District Judge

---

[1]  The petitioner does not provide a record of her attempts to obtain employment or the effects of her failure to obtain employment. *See generally* Pet'r's Supp., Exs. 1-2. And although the documents the petitioner provided show that she has responded well to mental health treatment, they also reflect positive tests for marijuana throughout 2004, cocaine on April 21, 2004 and opiates on October 19, 2004. Pet'r's Supp., Ex. 2 at 35.