# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**January 2017 Term**

_____

**No. 16-0147**

_____

**FILED**

**April 5, 2017**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**IN RE: PETITION OF A.N.T. FOR EXPUNGEMENT OF RECORDS**

_____

**Appeal from the Circuit Court of Ohio County**
**The Honorable David J. Sims, Judge**
**Civil Action No. 15-P-161**

**REVERSED**

_____

**Submitted: February 28, 2017**
**Filed: April 5, 2017**

**Gail W. Kahle, Esq.**
**Ohio County Assistant Prosecuting**
**Attorney**
**Wheeling, West Virginia**
**Counsel for the Petitioner**

**Patrick Morrisey, Esq.**
**Attorney General**
**Zachary A. Viglianco, Esq.**
**Assistant Attorney General**
**Charleston, West Virginia**
**Counsel for the Petitioner**

**Joseph J. John, Esq.**
**John & Werner Law Offices, PLLC**
**Wheeling, West Virginia**
**Counsel for the Respondent**

**Valena Beety, Esq.**
**Lisa Hartline, Rule 10 Student Attorney**
**The West Virginia Innocence Project**
**Morgantown, West Virginia**
**Counsel for** _Amicus Curiae_

**Jamie L. Crofts, Esq.**
**ACLU of West Virginia Foundation**
**Charleston, West Virginia**
**Counsel for** _Amicus Curiae_

**Bruce Perrone, Esq.**
**Legal Aid of West Virginia, Inc.**
**Charleston, West Virginia**
**Counsel for** _Amicus Curiae_

**Jennifer Oliva, Esq.**
**West Virginia Veterans Advocacy Clinic**
**Morgantown, West Virginia**
**Counsel for *Amicus Curiae***

**JUSTICE KETCHUM delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.      This Court reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion.

2.      "A circuit court, absent extraordinary circumstances and to protect constitutional rights or some other compelling public policy imperative, does not in the absence of statutory authority have the power to order the expungement of criminal history record information regarding a valid criminal conviction maintained by the State Police Criminal Investigation Bureau pursuant to *W.Va.Code*, 15–2–24 [1977]." *State ex rel. Barrick v. Stone*, 201 W.Va. 569, 570, 499 S.E.2d 298, 299 (1997).

**Justice Ketchum:**

In this appeal, we are asked to determine whether the Circuit Court of Ohio County erred by granting the respondent, A.N.T.'s,[1] request to expunge her criminal records. The State asserts that the circuit court lacked the authority to order expungement. Upon review, it is clear that the circuit court had no authority, by statute or its inherent power, to order expungement of A.N.T.'s criminal records. Therefore, we reverse the circuit court's order.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a single incident on the night of August 15, 2014, in which then thirty-two-year-old A.N.T. illegally discharged a gun in a relatively crowded neighborhood. A.N.T. alleges she was under severe emotional distress and anxiety stemming from the death of her son two years before. When her husband, a police officer, tried to leave their house for work, she tried to keep him from leaving by rushing to his closet and grabbing his service gun. Despite her husband's pleas, A.N.T. refused to give him his service gun. Instead, she rushed out of the house and into the backyard. There, she discharged a single shot into the ground.

---

[1] *See* W.Va. R. App. P. 40(e) [2010] (requiring parties to be identified by their initials in cases involving sensitive matters.); *State ex. rel. Barrick v. Stone*, 201 W.Va. 569, 570, 499 S.E.2d 298, 299 (1997) ("We refer to R.E.P. by his initials at his request and in keeping with our practice involving sensitive issues where the disclosure of a name is not appropriate.").

1

A.N.T.'s four children (all of whom were less than ten years old) were at home when she discharged the gun. A neighbor heard the gunshot and reported it to the Wheeling Police Department. Shortly thereafter, A.N.T. was arrested by Wheeling Police officers and charged with domestic assault against her husband.

Acting on her lawyer's advice, A.N.T. entered into a plea agreement with the State pursuant to which the State dropped the domestic assault charge. In exchange, A.N.T. agreed to plead no contest to discharging a firearm within 500 feet of a dwelling.[2] The magistrate court accepted the plea agreement. She was convicted and fined $50.00.

Thereafter, A.N.T., who was employed by a health-maintenance organization and possessed a West Virginia teaching certificate, sought to obtain an Ohio teaching certificate. The Ohio teaching certificate application required her to answer "yes" or "no" to the following two questions:

> [H]ave you ever been convicted of, found guilty of, pled guilty to, or pled no contest to any misdemeanor other than a traffic offense?

And . . .

> Have you ever had a criminal conviction sealed or expunged?

A.N.T. alleges that her application for a teaching certificate in Ohio would be denied if she were required to reveal her misdemeanor conviction. Therefore, she petitioned the

---

[2] Under West Virginia Code § 20-2-58 [1985], it is a misdemeanor to discharge a firearm within 500 feet of a dwelling. This statute has been amended since A.N.T.'s conviction in ways that do not affect this appeal.

circuit court to order expungement of her criminal records relating to her August 15, 2014, criminal conduct.

The circuit court, though concerned with its lack of statutory authority, found that extraordinary circumstances justified expunging A.N.T.'s criminal records. In particular, the circuit court found that A.N.T. was under emotional distress and anxiety when she illegally shot her husband's service gun in her relatively crowded neighborhood and that she had since recovered from her emotional distress. Moreover, the circuit court stated that expungement would further public policy by allowing A.N.T. to pursue better employment.[3]

Accordingly, on February 9, 2016, the circuit court ordered expungement of all records relating to A.N.T.'s "arrest, charges, or other matters arising out of the arrest and charges," including judicial records and "arrest records, fingerprints, photographs, index references or other data," relating to the matter held by various law enforcement agencies. It is from this order that the State appeals.

**II.**
**STANDARD OF REVIEW**

In this appeal, we assess a circuit court order directing expungement of A.N.T.'s criminal records. Under our general expungement statutes, West Virginia Code § 61-11-25 [2012] and West Virginia Code § 61-11-26 [2009], a circuit court has

---

[3] We note that A.N.T. already had a West Virginia teaching certificate and was on the substitute teacher roll for Ohio and Marshall Counties.

discretion whether to grant expungement of a petitioner's criminal records under certain circumstances.[4] Absent statutory authority, other courts have held that a circuit court's order granting or denying expungement of criminal records is reviewed for an abuse of discretion.[5] Therefore, we hold that this Court reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion.

## III.
## ANALYSIS

There are two bases for judicial expungement of criminal records: statutory authority and the inherent power of the courts. As we have stated: "Expungement is principally a creature of statute; [however], this Court has recognized that the inherent

---

[4] W.Va. Code § 61-11-25(d) ("If the court [makes certain findings] relating to the matter for which the expungement is sought, the court *may* grant the petition[.]") (emphasis added); W.Va. Code § 61-11-26(j) (outlining circuit court's duties "*[i]f the court grants the petition for expungement[.]*") (emphasis added). *See also In re Krein*, 2014 WL 1672945 at 1 (W.Va. 2014) (Memorandum Decision) ("[S]ub§ (d) of [West Virginia Code § 61-11-25], which provides that the court 'may' grant the motion for expungement, clearly signals that expungement is at the court's discretion.").

[5] *See U.S. v. Flowers*, 389 F.3d 737, 740 (7th Cir. 2004) ("[W]e find that granting expungement to [the petitioner] was an abuse of the district court's discretion."); *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984) (finding district court did not abuse its discretion in denying petitioner's request to expunge his criminal records); *U.S. v. Masciandaro*, 648 F. Supp.2d 779 (E.D. Va. 2009) (holding that magistrate court did not abuse its discretion in denying petitioner's motion to expunge his criminal records.); *State v. K.M.M.*, 721 N.W.2d 330, 332-33 (Minn. Ct. App. 2006) ("Appellate courts review a district court order granting or denying the expungement of criminal records for an abuse of discretion."); George L. Blum, "Judicial Expunction of Criminal Record of Convicted Adult in Absence of Authorizing Statute," 68 A.L.R.6th 1 (2011) ("In many jurisdictions, the court, on review of a lower tribunal's order denying a defendant's petition to expunge criminal history records, will employ an 'abuse of discretion' standard.").

powers of the Court may permit expungement as a remedy under certain circumstances."[6] As we explain below, neither of these aforementioned bases authorizes expungement of A.N.T.'s criminal records.

### A. *The circuit court had no statutory authority to expunge A.N.T.'s criminal records.*

There are two West Virginia statutes relating to expungement of criminal records generally: West Virginia Code § 61-11-25 and West Virginia Code § 61-11-26.[7]

Under West Virginia Code § 61-11-25, a court may expunge records relating to certain criminal charges "when [the] criminal charges are dismissed (not as part of a plea agreement)."[8] A.N.T.'s domestic assault charge was dismissed as part of a plea agreement, pursuant to which she was convicted of another misdemeanor crime, *i.e.*, discharging a firearm within 500 feet of a dwelling.

West Virginia Code § 61-11-26 vests courts with discretion to expunge records relating to certain misdemeanor convictions only if they do not "involve . . . the use or exhibition of a deadly weapon or dangerous instrument[,]" and were committed when the petitioner was between the ages of eighteen to twenty-six.[9] A.N.T.'s

---

[6] *Mullen v. Dep't of Motor Vehicles*, 216 W.Va. 731, 733 n.2, 613 S.E.2d 98, 100 n.2 (2005).

[7] At least two other West Virginia statutes permit expungement of records for specific criminal offenses: (1) West Virginia Code § 60A-4-407(b) [2002] relates to certain drug possession offenses; and (2) West Virginia Code § 17C-5-2b(h)(1) [2016] allows for expungement of certain driving under the influence records. This case implicates neither of these statutes.

[8] *Mullen*, 216 W.Va. at 733, 613 S.E.2d at 100.

[9] W.Va. Code § 61-11-26(a) & (i).

5

discharging a firearm conviction involved the use of a deadly weapon, and she committed the offense when she was more than twenty-six years old. Therefore, A.N.T. is not entitled to relief under West Virginia Code § 61-11-25 or § 61-11-26.

***B. The circuit court did not have inherent power to expunge A.N.T.'s criminal records.***

Recognizing the absence of statutory authority to order expungement of A.N.T.'s criminal records, the circuit court relied on Syllabus Point 1 of *State ex rel. Barrick v. Stone*, 201 W.Va. 569, 499 S.E.2d 298 (1997), which provides:

> A circuit court, absent extraordinary circumstances and to protect constitutional rights or some other compelling public policy imperative, does not in the absence of statutory authority have the power to order the expungement of criminal history record information regarding a valid criminal conviction maintained by the State Police Criminal Investigation Bureau pursuant to *W.Va. Code*, 15-2-24 [1977].

To find that "extraordinary circumstances" justified expungement of A.N.T.'s criminal records, the circuit court cited the following: (1) A.N.T.'s emotional distress at the time she committed the offense, (2) her purported emotional recovery, and (3) her goal of improving her employment status by obtaining a teaching certificate in Ohio, which would be hampered by disclosure of her arrest, charge, and conviction.

The State argues that emotional distress and employment problems are common amongst people who have been convicted of a crime, and therefore, the circumstances surrounding A.N.T.'s underlying criminal conduct were not "extraordinary." We agree. Virtually every jurisdiction addressing this issue has held that expungement absent statutory authority is a "narrow" remedy, which is "reserved for

6

the most unusual or extreme case."[10]  Put simply, "[E]xpungement is not available to

remedy 'adverse consequences which attend every arrest and conviction.'"[11]

A majority of jurisdictions find "extraordinary circumstances" only if the

facts underlying the petitioner's criminal records were truly unusual or extreme, so as to

cast doubt on the validity of his/her arrest, charge, or conviction.[12]  For example,

expungement has been ordered where "there has been an unlawful arrest, where an arrest

has been made merely for harassment purposes, or where the statute under which an

individual was prosecuted has subsequently been determined to be unconstitutional."[13]

---

[10] *See, e.g., U.S. v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) ("[T]he power to expunge 'is a narrow one, . . . [and] should be reserved for the unusual or extreme case.'") (quoting *U.S. v. Linn,* 513 F.2d 925, 927 (10th Cir. 1975)); *U.S. v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) ("[Expungement] is a narrow power, appropriately used only in extreme circumstances."); *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984) (finding that acquittee seeking expungement was not entitled to it absent "exceptional circumstances."); *U.S. v. McMains*, 540 F.2d 387, 390 (8th Cir. 1976) (providing that expungement "is not to be routinely used."); Trisha Zeller, 1 Handbook on West Virginia Criminal Procedure 3-76 (3d ed. 2016).

[11] *U.S. v. Rowlands*, 451 F.3d 173, 179 (3d Cir. 2006) (quoting *Flowers*, 389 F.3d at 739).

[12] Zeller, 1 Handbook on West Virginia Criminal Procedure 3-76.

[13] *Farmer v. Dep't of Law, Office of Att. Gen.*, 235 P.3d 1012, 1014 (Alaska 2010) (citing *Menard v. Saxbe*, 498 F.2d 1017 (D.D.C. 1973) (where arrest was shown to never to have been made); *Sullivan v. Murphy*, 478 F.2d 938 (D.C. Cir. 1973) (where arrests were unconstitutional for lack of probable cause); *U.S. v. McLeod*, 385 F.2d 734 (5th Cir. 1967) (where law enforcement arrested petitioners solely as a means of intimidating them from assisting voter registration for minorities)).

7

In addition, courts universally hold that employment problems resulting from a criminal record do not qualify as an "extraordinary" circumstance justifying expungement absent statutory authority.[14] As it has been noted:

> It is possible, even likely, that any person with an arrest or criminal record may well be impeded in finding employment. . . . [However], if employment problems resulting from a criminal record were sufficient to outweigh the government's interest in maintaining records, expunction would no longer be the narrow extraordinary exception, but a generally available remedy.[15]

Likewise, a petitioner's mental health ordinarily is not an "extraordinary circumstance," which justifies expungement of criminal records.[16]

Here, the circumstances surrounding A.N.T.'s arrest, charge, and conviction were not "extraordinary." The grounds the circuit court relied upon to find

---

[14] *See Barrick*, 201 W.Va. 569, 499 S.E.2d 298 (finding no extraordinary circumstances where Petitioner graduated from college since his criminal conviction and desired to become a teacher); *U.S. v. Sumner*, 226 F.3d 1005, 1008 (9th Cir. 2000) (providing there were no extraordinary circumstances regarding California petitioner's twenty-six year old conviction based on his desire to become a teacher in Nevada.); *Moss v. U.S.*, 2011 WL 1706548 at 1 (E.D.N.Y. 2011) (holding that there were no extraordinary circumstances when "the charges would disqualify [petitioner] from employment as a home tutor and substitute teacher."); Syllabus, *State v. M.L.A.*, 785 N.W.2d 763 (Minn. 2010) ("A district court may not order the expungement of records . . . when the sole basis for doing so is to help an individual achieve his or her employment goals.").

[15] *Flowers*, 389 F.3d at 739, *overruled on other grounds by U.S. v. Wahi*, 850 F.3d 296 (7th Cir. 2017).

[16] *See In re Petition of Reid*, 593 F.Supp.2d 233, 234-35 (D.D.C. 2009) (holding that petitioner's bipolar disorder was not an extraordinary circumstance justifying expungement of her assault with a dangerous weapon charge, even though her criminal records hampered her employment prospects upon her graduation from veterinary school).

otherwise, *i.e.*, A.N.T.'s emotional distress, her purported recovery, and her employment issues, are simply not grounds to expunge her criminal records absent statutory authority. Moreover, A.N.T.'s criminal conviction for discharging a firearm within 500 feet of a dwelling was a valid conviction, and she does not deny that she indeed shot a gun within five-hundred feet of several residences in her neighborhood. Therefore, the circuit court erred by finding it had the inherent power to expunge A.N.T.'s criminal records.

## IV.
## CONCLUSION

The circuit court had no authority, by statute or its inherent power, to order expungement of A.N.T.'s criminal records. Therefore, we reverse the circuit court's order.

Reversed.