# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In re: Expungement of the record of T.R.W.

No. 16-0887 (Upshur County 16-P-26)

**FILED**

**January 5, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner T.R.W., by counsel Rachel L. Fetty, appeals the Circuit Court of Upshur County's August 23, 2016, order denying his petition for expungement.[1] Respondent State of West Virginia, by counsel Zachary Aaron Viglianco, filed a summary response in support of the circuit court's order. Petitioner argues that the circuit court erred in finding that the requested expungement was inconsistent with the public welfare. Further, petitioner argues that the circuit court's denial of his petition for expungement was a violation of his substantive due process rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21(d) of the Rules of Appellate Procedure.

In May of 2000, the parents of two Upshur County teenage girls made complaints to law enforcement officers that petitioner, the then nineteen-year-old boyfriend of their sixteen-year-old daughter, had sexually abused their fourteen-year-old daughter. Law enforcement officers and a DHHR representative subsequently interviewed the fourteen-year-old victim, who described four separate instances in which she had sexual contact with petitioner. First, the victim described that petitioner was driving her home from a movie, when he pulled his vehicle over alongside the roadway, and began kissing her. Ultimately, petitioner inserted his finger into the victim's sex organ. The victim described a second incident wherein she and petitioner were at her home, with her mother and sister in a nearby room, and petitioner performed oral sex upon her.

On a third occasion, the victim described that petitioner was driving her home from a track meet when he again pulled his vehicle over alongside the roadway. The victim alleged that she and petitioner began kissing and that he unzipped his pants and she performed oral sex upon him after he stated that it was "his turn." The final incident described by the victim occurred at

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. See *In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

her residence, following petitioner and the victim's sister's return to the victim's home after a party. After arriving at the home, the victim's sister went to her room and petitioner sat down on the living room couch with the victim. Ultimately, petitioner and the victim, then sharing a blanket, began to touch one another under the blanket and petitioner inserted his finger into the victim's sex organ.

With the statement of the victim, law enforcement officers contacted petitioner. Petitioner initially denied the victim's allegations and opined that the victim fabricated the allegations because she had "a crush on him" and was "jealous" of the relationship petitioner had with her older sister. On May 15, 2001, a four-count indictment was returned against petitioner charging him with violations of West Virginia Code § 61-8B-5, with each count relating to one of the four instances of sexual contact described by the victim. On April 1, 2002, petitioner entered a guilty plea to three counts of sexual abuse in the third degree, pursuant to West Virginia Code § 61-8B-9. On May 15, 2002, petitioner was sentenced to two ninety-day terms at Central Regional Jail. However, these sentences were suspended and petitioner was placed on probation for five years.

At the time of his sentence, petitioner acknowledged receipt of a notice of sexual offender registration requirements. Petitioner endorsed the notice, which explicitly advised that petitioner's sex offender registration "must continue for ten years from today or ten years following . . . completion of your sentence, whichever is later." Prior to petitioner's receipt of this notice, the West Virginia Sex Offender Act, West Virginia Code § 15-12-1 through -10, was amended to require lifetime registration of persons convicted of a qualifying offense if the victim was a minor.

In May of 2005, petitioner was granted early release from probation. In 2015, at the close of what petitioner believed to be his ten-year sex offender registration requirement, he "began to look into discharging from the registry." Petitioner was then advised that he had to register for life, as his offenses had involved a minor. On June 8, 2016, petitioner filed a petition for expungement of his criminal record under West Virginia Code § 61-11-26. The State responded to the petition, on June 14, 2016, and noted that while it could not "see any impediment to the expungement sought[,]" it requested that any order issued make clear that expungement did not change petitioner's lifetime sex offender registration requirement.

By order entered August 23, 2016, the circuit court denied the petition for expungement. The court found that petitioner failed to establish, by clear and convincing evidence, that the requested expungement was consistent with the public welfare. The court further found that, in fact, expungement of a lifetime reporter on the sex offender registry was inconsistent with the public welfare. It is from the circuit court's August 23, 2016, order that petitioner now appeals.

On appeal, petitioner asserts four assignments of error. In his first three assignments of error, he argues that the circuit court abused its discretion and clearly erred in denying his petition for expungement. In his fourth assignment of error, petitioner argues that the profound burden of lifetime registration for persons convicted of misdemeanor sex offenses is not a rational mechanism for protection of the community and, thus, violated petitioner's substantive due process rights.

2

We begin our analysis by noting that "[t]his Court reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion." Syl. Pt. 1, *In re A.N.T.*, 238 W. Va. 701, 798 S.E.2d 623 (2017). Petitioner argues that the circuit court erred in denying his petition for expungement as the expungement statute, West Virginia Code § 61-11-26[2], "clearly anticipated" expungement for youth offenders, such as petitioner, who were convicted of misdemeanor sexual offenses requiring lifetime sex offender registration.

Petitioner argues that expungement of his record was proper as the offenses of which he was convicted were not among those barred from expungement by subsection (i) of West Virginia Code § 61-11-26. Because West Virginia Code § 61-11-26 "do[es] not bar expungement based on registration status or the offenses," the circuit court's determination that expungement was improper, based simply upon petitioner's status as a lifetime reporter, was error.

Conversely, respondent argues that the language of West Virginia Code § 61-11-26 signifies that expungement is discretionary in nature, given the consistent use of the word "may" throughout the statute. Respondent also cites to West Virginia Code § 15-12-1a(b), wherein the West Virginia Legislature specifically noted that "there is a compelling and necessary public interest that the public have information concerning persons convicted of sexual offenses in order to allow members of the public to adequately protect themselves and their children from these persons."

Based upon our review of the record herein, we find that the circuit court did not abuse its discretion or otherwise err in denying petitioner's request for expungement. Petitioner readily acknowledges that he was four years and ten months older than the victim and that he had sexual contact with the victim as described. Nonetheless, petitioner characterizes the sexual contact between them as "inappropriate contact between two adolescents." Petitioner further describes his behavior as "not so outside predictable adolescent behavior that it reflects or predicts pedophilia or the potential" for him to "re-offend or pose an ongoing danger to the community." Like respondent, we find the facts of petitioner's underlying convictions to be troubling and agree that the evidence below establishes that petitioner isolated the victim on multiple occasions and initiated the inappropriate conduct. Given the particular circumstances of the petitioner's underlying convictions, we find that the circuit court did not abuse its discretion in finding that expungement of petitioner's criminal record was against the public welfare.

---

[2]West Virginia Code § 61-11-26(a) provides, in part, that

> [a]ny person convicted of a misdemeanor offense or offenses arising from the same transaction committed while he or she was between the ages of eighteen and twenty-six, inclusive, may, . . . petition the circuit court in which the conviction . . . . occurred for expungement of the conviction . . . and the records associated therewith.

We decline to address petitioner's fourth assignment of error alleging a violation of his substantive due process rights, as his argument on this issue was insufficient. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Here, petitioner's brief is inadequate with respect to the substantive due process issue, as it fails to comply with the Rules of Appellate Procedure. Due to the brevity of the legal analysis on this issue, we decline to address this assignment of error because it was not properly developed on appeal. See *State v. Lambert*, 236 W. Va. 80, 97 n.31, 777 S.E.2d 649, 666 n.31 (2015). However, we note that while petitioner presents his argument as one of a violation of his substantive due process rights, he also contends that the he has been deprived "access to procedural due process." In that regard, we direct petitioner to syllabus point two of *Haislop v. Edgell*, 215 W.Va. 88, 593 S.E.2d 839 (2003), in which this Court found no procedural due process violations with regard to life registration for certain sex offenders who had minor victims or public dissemination of certain information about life registrants.

For the foregoing reasons, we affirm the circuit court's August 23, 2016, order.

Affirmed.

**ISSUED:** January 5, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4