# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: Petition of B.J.B. for Expungement of Record

Case No. 20-0093 (Wood County 19-P-159)

**FILED**

**November 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner B.J.B.,[1] self-represented litigant, appeals the January 8, 2020, order of the Circuit Court of Wood County granting, in part, and denying, in part, her petition for expungement of the record in various misdemeanor cases. Respondent State of West Virginia, by counsel Holly M. Flanigan, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The record of the underlying proceedings submitted by petitioner in support of her appeal is sparse and consists only of the circuit court's January 8, 2020, order and email correspondence between petitioner and the attorney who represented her in the circuit court. From the appellate record, we glean the following: Petitioner was charged with various misdemeanor offenses in fourteen cases in the Magistrate Court of Wood County from 2005 through 2016. In ten of the cases, the charges were dismissed or petitioner was acquitted following a trial. Petitioner was convicted in four of the cases: (1) in 2006, for harassing, obscene, and threatening phone calls; (2) in 2007, for a failure to obey a traffic control device; (3) in 2010, for stalking; and (4) in 2016, for destruction of property.

---

[1] By scheduling order entered on February 10, 2020, this Court deemed this case confidential pursuant to Rule 40(e) of the West Virginia Rules of Appellate Procedure.

1

In 2019, petitioner filed a petition for expungement of the record, with exhibits, in the Circuit Court of Wood County with regard to all fourteen misdemeanor cases. Thereafter, the State filed a response in opposition to the petition, "which included a statement from one of the victims." The circuit court held a hearing on December 23, 2019, at which "[p]etitioner provided testimony in support of her petition."

By order entered on January 8, 2020, the circuit court granted petitioner's petition for expungement of the record with regard to eleven of the fourteen cases: the ten cases in which the charges were dismissed or petitioner was acquitted following a trial and the 2007 case in which petitioner was convicted of a failure to obey a traffic control device. The circuit court denied the petition with regard to the remaining three cases: (1) the 2006 conviction for harassing, obscene, and threatening phone calls; (2) the 2010 conviction for stalking; and (3) the 2016 conviction for destruction of property. The circuit court determined that the records in those three cases "shall not be expunged."

Petitioner now appeals the circuit court's January 8, 2020, order. "This Court reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion." Syl. Pt. 1, *In Re: A.N.T.*, 238 W. Va. 701, 798 S.E.2d 623 (2017).

On appeal, petitioner argues that the circuit court erred in denying the petition for expungement of the record with regard to the three cases in which she was respectively convicted of destruction of property; harassing, obscene, and threatening phone calls; and stalking. With regard to petitioner's stalking conviction, the State notes petitioner's acknowledgment that her conviction was pursuant to West Virginia Code § 61-2-9a. The State argues that the applicable expungement statute, West Virginia Code § 61-11-26, provides, in pertinent part, that "[a] person is not eligible for expungement . . . for convictions of the following offenses: . . . (10) Any violation of § 61-2-9a of this code." *Id.* § 61-11-26(c)(10). We agree with the State and find that, in light of petitioner's acknowledgement that the 2010 conviction was pursuant to West Virginia Code § 61-2-9a, the circuit court did not abuse its discretion in refusing to expunge the record with regard to that case.

With regard to petitioner's convictions for destruction of property and harassing, obscene, and threatening phone calls, petitioner "bears the burden of showing that there was error in the proceedings below resulting in the judgment of which [she] complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 1, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004) (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)). Petitioner raises one procedural issue and one evidentiary issue. Petitioner argues that the State failed to file its response to the petition for expungement within the timeframe set forth in West Virginia Code § 61-11-26(g)(1).[2] Petitioner further argues that the circuit court erred in "allow[ing] statements to be read and made from complainants not present at the December 23, 2019, expungement hearing" because petitioner was unable to cross-examine

---

[2] West Virginia Code § 61-11-26(g)(1) provides that a response "to oppose the expungement may [be filed] . . . within 30 days of receipt of the petition."

the complainants "due to their lack of physical presence at the hearing." Respondent counters that this Court should decline to address these issues due to the inadequate appellate record provided by petitioner.

Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." *See Hopkins v. DC Chapman Ventures, Inc.*, 228 W. Va. 213, 220, 719 S.E.2d 381, 388 (2011) (finding that "silence may operate as a waiver of objections to error and irregularities") (Internal quotations and citations omitted); *Wimer v. Hinkle*, 180 W. Va. 660, 663, 379 S.E.2d 383, 386 (1989) (stating that "ordinarily[,] a party may not claim evidentiary error on appeal where no objection is made at the trial level") (Footnote omitted). Given the inadequate appellate record, there are no citations that pinpoint when and how petitioner objected to or raised with the circuit court (1) the State's alleged failure to comply with West Virginia Code § 61-11-26(g)(1); or (2) the court's consideration of any statement(s) submitted by any victim or complainant.[3] Therefore, we decline to address these issues pursuant to Rule 10(c)(7). *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (stating that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance") (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)).

Finally, "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Here, the circuit court granted, in part, and denied, in part, the petition for expungement of record after considering documentary evidence and petitioner's testimony at the December 23, 2019, hearing. In light of the scant record submitted by petitioner, we find that she fails to show that the circuit court abused its discretion in ruling on the petition.

For the foregoing reasons, we affirm the circuit court's January 8, 2020, order granting, in part, and denying, in part, petitioner's petition for expungement of the record in various misdemeanor cases.

Affirmed.

---

[3]We note that, according to the circuit court's January 8, 2020, order, the State submitted a single statement "from one of the victims."

**ISSUED:** November 4, 2020


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison