**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**In Re: Petition of C.M.H., for Expungement of Records**

**No. 22-0339** (Wetzel County 21-P-26H)

## MEMORANDUM DECISION

Petitioner C.M.H.[1] appeals the April 4, 2022, order of the Circuit Court of Wetzel County summarily denying his petition for expungement of a misdemeanor conviction for battery.[2] The dispositive issue petitioner raises in this appeal is whether the circuit court's summary denial of his petition for expungement constituted an abuse of discretion.

Upon our review, we conclude that, under our well-established caselaw, the circuit court abused its discretion in summarily denying petitioner's petition for expungement. Therefore, we reverse the circuit court's April 4, 2022, order and remand the case to the circuit court for further proceedings. We find that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for disposition by a memorandum decision.

On the night of July 16, 2016, at a bar in New Martinsville, West Virginia, petitioner had a conflict with his sister, and both of them reacted physically. Petitioner was asked to leave the bar, and, while he was exiting, he hit a doorman who grabbed him. Thereafter, the police responded to the bar based upon reports that petitioner was causing a disturbance. Once at the bar, the police arrested petitioner and charged him with committing a battery on the bar's doorman, pursuant to West Virginia Code § 61-2-9(c) ("the battery statute").[3] The police also interviewed petitioner's

---

[1]This expungement case is confidential pursuant to Rule 40(e) of the West Virginia Rules of Appellate Procedure.

[2]Petitioner is self-represented. The State of West Virginia appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General William E. Longwell.

[3]West Virginia Code § 61-2-9(c) provides:

**Battery.** — Any person who unlawfully and intentionally makes physical contact

sister at the bar, and, at petitioner's sister's request, did not charge petitioner with committing a domestic battery against her.

Petitioner pled guilty to committing a battery on the bar's doorman. Accordingly, the Magistrate Court of Wetzel County convicted petitioner of a battery and sentenced him to thirty days of incarceration with one day of credit for time served. The magistrate court granted petitioner's motion for an alternative sentence, suspended the thirty-day jail sentence, and placed petitioner on one year of unsupervised probation. Petitioner's probation conditions included a no-contact order regarding the bar's doorman, who was identified as the victim. Petitioner successfully completed his probation in July of 2017. Subsequently, on December 13, 2021, petitioner filed a petition in the Circuit Court of Wetzel County, pursuant to West Virginia Code § 61-11-26, seeking the expungement of his misdemeanor battery conviction. The circuit court, by an order entered on April 4, 2022, summarily denied the petition.

Petitioner now appeals the April 4, 2022, summary denial of his expungement petition. "'This Court reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion.' Syllabus point 1, *In re A.N.T.*, 238 W. Va. 701, 798 S.E.2d 623 (2017)." Syl. Pt. 1, *In re I.S.A.*, 244 W. Va. 162, 852 S.E.2d 229 (2020). "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

Initially, the State argues that this Court should dismiss petitioner's appeal pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in pertinent part:

> *Argument:* The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The . . . Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

The State argues that petitioner's two-page brief fails to provide the applicable standard of review, cite any authorities beyond cursory references to West Virginia Code § 61-11-26, set forth assignments of error, or supply specific references to his appendix. Petitioner acknowledges his unfamiliarity with the proper way of presenting a legal argument and asks this Court to consider his appeal due to his self-represented status.

---

> of an insulting or provoking nature to the person of another or unlawfully and intentionally causes physical harm to another person is guilty of a misdemeanor and, upon conviction thereof, shall be confined in jail for not more than twelve months or fined not more than $500, or both fined and confined.

The State concedes that "it is clear that [p]etitioner challenges the circuit court's decision [summarily] denying his petition for expungement based upon its reliance on an allegedly 'invalid reason.'" Based upon our review of petitioner's brief, we accept the State's concession, find that the dismissal of the appeal is unnecessary, and proceed to review the sole issue that petitioner raises. *See Franklin v. Pence*, 128 W. Va. 353, 356, 36 S.E.2d 505, 508 (1945) (recognizing that the assignments of error were general in nature making it "difficult to determine the exact points relied upon for reversal[,]" and causing the Court to rely upon "statements in the brief" that were "considered as indicating the main grounds of attack upon the judgment").

The circuit court summarily denied the petition pursuant to West Virginia Code § 61-11-26(i)(4), which provides for summary denial "if the court determines the petition discloses on its face or, based upon supporting documentation . . ., discloses that the petitioner, *as a matter of law*, is not entitled to expungement." (Emphasis added.) In making this determination, the circuit court relied upon West Virginia Code § 61-11-26(c)(5), which provides, in pertinent part:

> Limitations on eligibility for expungement. — A person is not eligible for expungement . . . *for convictions* of the following offenses: . . . (5) Any violation of . . . [the battery statute] *in which the victim was* a spouse, *a person* with whom the person seeking expungement had a child in common, or *with whom the person seeking expungement ever cohabited prior to the offense*[.]

(Emphasis added.) The circuit court incorrectly identified petitioner's sister, "[with] whom he had previously cohabited," as the victim of his battery conviction. The State concedes that "[t]he record below reveals that . . . [p]etitioner was convicted of one count of battery involving the [bar's] bouncer."

Even without the State's concession, based upon our own review of the record, we conclude that the circuit court erred in finding that petitioner's sister was the victim of petitioner's battery conviction. Nevertheless, the State argues that the circuit court properly relied upon West Virginia Code § 61-11-26(c)(5) in summarily denying the expungement petition. Specifically, the State argues that the lack of a charge being filed with regard to petitioner's physical altercation with his sister does not remove that *uncharged* conduct from the ambit of West Virginia Code § 61-11-26(c)(5), which applies only to "convictions." We reject the State's argument as contrary to the plain language of West Virginia Code § 61-11-26(c)(5). As we have often held, "'[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.' Syl. Pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951)." Syl. Pt. 4, *Frazier v. Slye*, 246 W. Va. 407, 874 S.E.2d 10 (2022).

Furthermore, contrary to the circuit court's ruling, "cohabited," which is a term not defined in West Virginia Code § 61-11-26, is generally understood to refer to living together as partners in life, not as siblings. *See* Black's Law Dictionary 327 (11th ed. 2019). "'In the absence of any specific indication to the contrary, words used in a statute will be given their common, ordinary and accepted meanings.' Syl. pt. 1, *Tug Valley Recovery Center v. Mingo County Commission*, 164 W. Va. 94, 261 S.E.2d 165 (1979)." Syl. pt. 1, *Thomas v. Firestone Tire & Rubber Co.*, 164

3

W. Va. 763, 266 S.E.2d 905 (1980). Therefore, as the circuit court's determination that petitioner was not eligible for expungement pursuant to West Virginia Code § 61-11-26(c)(5) was erroneous, we conclude that the circuit court abused its discretion in summarily denying the expungement petition.

For the foregoing reasons, we reverse the circuit court's April 4, 2022, order and remand the case to the circuit court for further proceedings consistent with this decision.

Reversed and Remanded.

**ISSUED:** May 16, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4