# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

## IN RE: PETITION OF S.G. FOR EXPUNGEMENT OF RECORD

**No. 23-ICA-498**    (Cir. Ct. of Mingo Cnty. Case No. CC-30-2023-P-53)

**FILED**

**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner S.G.[1] appeals from the final order entered by the Circuit Court of Mingo County, which denied his petition for expungement of his criminal record pursuant to West Virginia Code § 61-11-25 (2012).[2] Respondent the State of West Virginia (the "State") filed a response conceding error by the circuit court with respect to the issues addressed herein.[3] S.G. filed a reply. The issue on appeal is whether the circuit court abused its discretion in denying S.G.'s petition.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for vacating the circuit court's ruling in a memorandum decision. For the reasons set forth below, the circuit court's order is vacated, and the case is remanded for further proceedings consistent with this decision.

S.G. was formerly employed as a deputy sheriff in Mingo County. In 2001, while employed in that capacity, he was charged with one misdemeanor count and one felony count of embezzlement pursuant to West Virginia Code § 61-3-20 (1929). It was alleged that S.G. had embezzled funds from the sheriff's office. S.G. has always denied any wrongdoing. On March 22, 2001, the State filed a motion in magistrate court seeking to dismiss both charges without prejudice. The motion further noted that the matter would be presented to the grand jury in April of 2001. The magistrate court entered separate orders

---

[1] Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in the case. *See* W. Va. R. App. P. 40(e)(1); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Although recently amended, effective June 7, 2024, the former version of this statute was in effect at the time S.G. filed his petition.

[3] On appeal, S.G. is represented by Mark A. Sadd, Esq. The State is represented by Patrick Morrisey, Esq., and Michele Duncan Bishop, Esq.

1

for each charge, which dismissed the charges without prejudice and included the grand jury presentment language. It is undisputed that to date, the matters were never presented to a grand jury, nor were new charges filed against S.G.

After the original charges were dismissed, S.G. enlisted in the military and was deployed overseas. After serving more than twenty years abroad with the military, S.G. retired and returned to Mingo County. On June 14, 2023, S.G. filed a self-represented petition for expungement under West Virginia Code § 61-11-25,[4] using the corresponding form created and promulgated by the Supreme Court of Appeals of West Virginia. His petition sought expungement of the two previously dismissed embezzlement charges.

An initial hearing was held before the circuit court in August of 2023. At that hearing, the circuit court noted that it appeared from the record that the misdemeanor had been dismissed but expressed concerns as to whether the felony charge was also dismissed or was still pending. The circuit court continued the hearing to allow the prosecuting attorney to either confirm there were no pending charges or to file pleadings to dismiss the charges. At that time, both the circuit court and prosecuting attorney made representations on the record that this formality was the only impediment to the circuit court granting the petition at the next hearing.

The next hearing was held on October 5, 2023. At that time, the prosecuting attorney proffered that the State's position had changed. He began by noting that the criminal charges had been dismissed and there was no indication that the charges were refiled or presented to a grand jury. However, he further stated that S.G. had filed a parallel civil proceeding before the civil service commission in 2001, which resulted in a written agreement wherein S.G. agreed to return the embezzled funds and resign his employment in exchange for immunity from prosecution; critically, however, the prosecuting attorney stated that he did not have personal knowledge of these events and no copy of this agreement could be found. It was the State's position that while it appeared that S.G. satisfied the requirements for expungement under West Virginia § 61-11-25, the factors under our state's second expungement statute, West Virginia Code § 61-11-26 (2020), which deals exclusively with the expungement of convictions, should be applied to deny S.G. relief because it requires consideration of whether the expungement of a conviction is consistent with the public welfare. W. Va. Code § 61-11-26(h)(4). On this issue, the State contended that by virtue of the agreement in the civil case, S.G. avoided indictment and conviction on the underlying charges and, thus, further relief would be inconsistent with the public welfare.

---

[4] This statute is reserved for the expungements of criminal records for those individuals who were acquitted of crimes or against whom criminal charges have been dismissed for reasons other than a plea agreement.

In response, S.G. reiterated that he sought expungement under West Virginia Code § 61-11-25, and that West Virginia Code § 61-11-26 was not applicable to his case because he was not convicted of any crime. S.G. also denied the State's representations about an alleged agreement before the civil service commission involving dismissal of the criminal charges in exchange for his resignation. Rather, S.G. explained that he never resigned as deputy sheriff, that there were never any sheriff department funds missing, and that the county's finding that he resigned was the basis of his challenge before the civil service commission.[5] He stated that there was never an agreement involving the charges and his employment, but rather, the embezzlement charges were dismissed prior to a preliminary hearing on the criminal charges in magistrate court.

On October 11, 2023, the circuit court issued the final order now on appeal. The circuit court denied S.G.'s petition for two reasons. First, it found that the requirements and procedures set forth under West Virginia Code § 61-11-26 also controlled expungement procedures filed under West Virginia Code § 61-11-25. On this basis, the circuit court found that S.G. had failed "to provide information required by West Virginia Code § 61-11-26(d)," and that he had not proven that statute's factors by clear and convincing evidence. Second, the circuit court concluded that S.G. was ineligible for an expungement under either statute because the 2001 agreement in the civil service commission proceeding constituted a plea agreement because it was made in exchange for dismissal of the criminal charges. This appeal followed. We review the matter under an abuse of discretion standard. Syl. Pt. 1, *In re A.N.T.*, 238 W. Va. 701, 798 S.E.2d 623 (2017) ("This Court reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion.").

On appeal, S.G. argues that the circuit court abused its discretion by finding that that the provisions of West Virginia Code § 61-11-26 controlled expungements filed under West Virginia Code § 61-11-25, as well as that the circuit court abused its discretion when it concluded that the State's proffer of an agreement before the civil service commission constituted a plea agreement and disqualified S.G. from relief.[6] As previously noted, the State concedes these errors on appeal, and upon review, we agree with the parties that the circuit court abused its discretion on both issues.

---

[5] According to S.G., in October of 2001, the civil service commission found that he had rescinded his resignation prior to its effective date. However, no one could locate this order in county's records.

[6] S.G. also argues that the circuit court abused its discretion when it failed to disqualify itself from the case and that this Court should disqualify the circuit court from hearing the matter on remand. We decline to address this argument and note that pursuant to Rule 17.01 of the West Virginia Trial Court Rules, judicial disqualifications are exclusively reserved for the Chief Justice of our Supreme Court of Appeals.

3

First, we conclude that the circuit court abused its discretion by considering West Virginia Code § 61-11-26 when it ruled on S.G.'s petition for expungement. That statute is limited to expungements for criminal convictions. Here, it is undisputed that S.G. was never convicted of the embezzlement charges and that they have been dismissed since 2001. Thus, only the provisions of West Virginia § 61-11-25 applied to this case. Moreover, it is clear from the plain language of both West Virginia Code § 61-11-25 and West Virginia Code § 61-11-26 that there is no qualifying language which requires consideration of both statutes when considering the merits of a petition for expungement. Rather, it is clear that West Virginia Code § 61-11-25 is the only expungement statute relevant to this case.

We also conclude that the circuit court abused its discretion by finding that S.G. was not eligible for expungement because he allegedly entered into a plea agreement in the civil service commission case in 2001. According to the record, no such agreement exists, the State failed to produce a copy of the agreement below, it could only proffer as to what language it believed the document contained, and S.G. disputed the existence of any agreement. Moreover, the alleged agreement was reached in a civil proceeding whereas plea agreements are specific to criminal proceedings. *See* W. Va. R. Crim. P. 11 (detailing the process for resolving criminal charges by plea agreement). In other words, an agreement in a civil proceeding is not a plea agreement and is not relevant for the purposes of determining whether an individual is entitled relief under West Virginia Code § 61-11-25. Furthermore, the record clearly illustrates that S.G.'s criminal charges were dismissed by State's motion and not by virtue of any plea agreement. Therefore, there was no plea agreement upon which the circuit court could rely to deny S.G. relief.

Based on the foregoing, we vacate the October 11, 2023, final order denying S.G.'s petition for expungement and remand the matter to circuit court for further proceedings, consistent with this decision and the provisions of West Virginia Code § 61-11-25.

Vacated and Remanded.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear