363 S.E.2d 135

**STATE of West Virginia ex rel. Steven Allen CRANK**

v.

**The CITY OF LOGAN, A Municipal Corporation, and L.W. Bechtold, as Commissioner, West Virginia Department of Motor Vehicles.**

No. 17455.

Supreme Court of Appeals of West Virginia.

Nov. 18, 1987.

Mark Hobbs, Chapmanville, for appellee.

Thomas Esposito, Esposito & Esposito, Logan, Doren Burrell, Asst. Atty. Gen., for City of Logan.

McHUGH, Justice:

This case is before this Court upon appeal by the appellants, the City of Logan, West Virginia, a municipal corporation, and L.W. Bechtold, as Commissioner of the West Virginia Department of Motor Vehicles, from the final order of the Circuit Court of Logan County, West Virginia. In its final order the circuit court nullified the appellee's, Steven Allen Crank's, conviction of a first offense under a municipal ordinance on driving under the influence of alcohol; ordered the Commissioner to expunge the Department of Motor Vehicle's records of the first-offense administrative revocation of the appellee's license to operate a motor vehicle; and concluded that the appellee's license should not be revoked for any further period of time for a conviction of a second offense under this type of ordinance (concluded to be the first valid conviction thereunder).

After reviewing the petition for appeal, including the exhibits therewith, and the briefs of the parties, we reverse the trial court's rulings on the challenges to the validity of the respective ordinances involved in this case, but note that the result reached by the trial court, specifically, that the appellee's license may not be revoked for a further period of time, is correct, for a different reason than that assigned by the trial court.

I

On December 1, 1984, the appellee was arrested in the City of Logan for violation of its municipal ordinance against driving under the influence of alcohol. The appellee subsequently entered a guilty plea to this charge. Upon receipt of notice of this violation, the Commissioner of the West Virginia Department of Motor Vehicles, pursuant to *W.Va.Code*, 17C–5A–2(i), as amended, entered an order revoking the appellee's license to operate a motor ve-

hicle.[1] The appellee did not contest this order and surrendered his license to the Department of Motor Vehicles. The revocation was stated to be for ninety days.[2] On March 25, 1985, the appellee's license to operate a motor vehicle was reinstated.

On January 17, 1985, the City of Logan adopted a new ordinance on driving under the influence of alcohol. The new ordinance superseded the previous ordinance (enacted on June 12, 1984) and provided for a maximum jail term of thirty days. The previous ordinance provided for a maximum jail term of six months.

On May 31, 1985, the appellee was arrested again. This time he was arrested for violation of the January, 1985 ordinance on driving under the influence of alcohol. Upon receipt of notice of this violation the Commissioner of the Department of Motor Vehicles revoked the appellee's license to operate a motor vehicle. Being the appellee's second offense, this violation resulted in a revocation period of ten years.[3] The appellee requested an administrative hearing, and based upon the evidence adduced at this hearing the Commissioner of the Department of Motor Vehicles affirmed the ten-year revocation order.

The appellee thereafter timely appealed the Commissioner's revocation order to the Circuit Court of Logan County, West Virginia. The appellee also brought a mandamus proceeding in that court to declare the prior municipal ordinance void and to compel the Commissioner to expunge the record of the appellee's first offense from the files of the Department of Motor Vehicles. The circuit court consolidated the appeal and the mandamus proceeding.

The circuit court ruled that the prior municipal ordinance, under which the appellee was convicted of the first offense of driving under the influence of alcohol, was null and void because the maximum jail term of six months provided by that ordinance exceeded the maximum jail term of thirty days provided for municipal offenses in general by *W. Va. Code*, 8–11–1, as amended.[4] Accordingly, the circuit court ordered the Commissioner to expunge the record of the appellee's first-offense license revocation. The circuit court also concluded that the appellee's loss of his license for the ninety-day revocation period imposed for the invalidated first offense resulted in the appellee's having already satisfied the administrative requirements for a first offense of driving under the influence of alcohol, which was what the second offense became with invalidation of the first offense.

## II

The appellants contend that the circuit court erred in nullifying the prior municipal ordinance and the first-offense license revocation because *W. Va. Code*, 17C–5–11(b), as amended, expressly excepts penalties under municipal ordinances on driving under the

---

1. *W. Va. Code*, 17C–5A–2(i) [1983, 1986] provides in pertinent part:

    (i) If the commissioner finds by a preponderance of the evidence that the person did drive a motor vehicle while under the influence of alcohol, ... the commissioner shall revoke the person's license for a period of six months: Provided, that if the commissioner has previously suspended or revoked the person's license under the provisions of this section or section one of this article, the period of revocation shall be ten years[.]

    The 1986 amendment to *W. Va. Code*, 17C–5A–2, which is not applicable to this case, did not affect subsection (i).

2. There is no explanation on the record for the ninety-day first-offense revocation period imposed in this case in lieu of the six-month revocation period provided by statute. *See supra* note 1.

3. *See supra* note 1.

4. *W. Va. Code*, 8–11–1 [1982, 1987] provides in pertinent part:

    [T]he governing body [of a municipality] shall have plenary power and authority to make and pass all needful ordinances ... not contrary to the constitution and laws of this State; and, for a violation thereof, to prescribe reasonable penalties in the form of fines, forfeitures and imprisonment in the county jail or the place of imprisonment in such municipality, if there be one, for a term not exceeding thirty days.

    The 1987 amendment to this section, which is not applicable to this case, did not affect this portion of this section.

influence of alcohol from the thirty-day-maximum jail-term provisions of *W.Va. Code*, 8–11–1, as amended. In addition, *W.Va.Code*, 17C–5–11(b) also requires such penalties to be the same as provided by statute.[5] In this case, the prior ordinance had provided for a jail term of a maximum of six months, which is the same as provided by *W.Va.Code*, 17C–5–2(d)(2), as amended.[6]

■ The appellants' contention with respect to the prior municipal ordinance is valid. Pursuant to *W.Va.Code*, 17C–5–11(b), as amended, a municipal ordinance must impose the same penalty for driving under the influence of alcohol as is prescribed for the corresponding state offense. The June, 1984 municipal ordinance of the City of Logan on driving under the influence of alcohol was, contrary to the circuit court's ruling, valid because it imposed a mandatory jail term of a maximum of six months, including a mandatory confinement of not less than twenty-four hours, and a mandatory fine of not less than $100 nor more than $500, all in conformity with *W.Va.Code*, 17C–5–2(d)(2), as amended. Thus, the revocation of the appellee's license to operate a motor vehicle for a first offense, in December, 1984, of driving under the influence of alcohol was also valid, contrary to the circuit court's ruling. The

appellee has, however, already satisfied the administrative requirements of the Department of Motor Vehicles with regard to a first offense of driving under the influence of alcohol.

■ Ironically, as asserted by the appellee in his brief, the same principle supporting the appellants' contention as to the validity of the prior municipal ordinance leads to the invalidity of the current (January, 1985) municipal ordinance. That is, the January, 1985 municipal ordinance of the City of Logan on driving under the influence of alcohol is void because it conflicts with *W.Va.Code*, 17C–5–2(d)(2), as amended, in that it imposes a maximum jail term of thirty days, instead of six months, and provides that the municipal court has the discretion to impose no jail term at all or to impose a jail term without requiring at least twenty-four hours of actual confinement. The appellee's second-offense conviction, on or about May 31, 1985, of driving under the influence of alcohol is, therefore, void. Accordingly, the Commissioner of the Department of Motor Vehicles must expunge the Department's records of the appellee's second offense, and the Department may not proceed further on such offense.

5. *W.Va.Code*, 17C–5–11(b) [1983] provides:

(b) Notwithstanding the provisions of section one, article eleven, chapter eight of this Code, on and after the first day of August, one thousand nine hundred eighty-three, each and every municipal ordinance defining a misdemeanor offense of or relating to driving under the influence of alcohol or driving under the influence of intoxicating liquor or otherwise prohibiting conduct made unlawful by this article shall prescribe the same penalty for such offense as is prescribed for an offense under this article containing the same elements.

Similarly, *W.Va.Code*, 17C–2–7 [1951] provides:

The provisions of this chapter [on traffic regulations and laws of the road] shall be applicable and uniform throughout this State and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any ordinance, rule, or regulation in conflict with the provisions of this chapter unless expressly authorized herein. Local authorities may, however, adopt addi-

tional traffic regulations which are not in conflict with the provisions of this chapter.

6. *W.Va.Code*, 17C–5–2(d) [1983, 1986] provides:

(d) Any person who:

(1) Drives a vehicle in this State while he is:

(A) Under the influence of alcohol, or

(B) Under the influence of any controlled substance, or

(C) Under the influence of any other drug, or

(D) Under the combined influence of alcohol and any controlled substance or any other drug,

(2) Shall be guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned in the county jail for not less than one day nor more than six months, which jail term shall include actual confinement of not less than twenty-four hours, and shall be fined not less than one hundred dollars nor more than five hundred dollars.

The 1986 amendment to *W.Va.Code*, 17C–5–2, which is not applicable to this case, did not affect subsection (d)(2).

Thus, the result reached by the trial court, specifically, that the appellee's license to operate a motor vehicle may not be revoked for a further period of time, is correct, not because the appellee's second offense is his first valid offense and his license has already been revoked for the period required for a first offense, but because the appellee's first offense is valid and his license has already been revoked for the requisite period, and his second offense is void.

For the foregoing reasons the final order of the circuit court is reversed, and this case is remanded for the circuit court to order the correction of the records of the City of Logan and the Department of Motor Vehicles pertaining to the appellee, in accordance with this opinion.

Reversed and remanded with directions.