613 S.E.2d 98

**Jeffrey M. MULLEN, Petitioner Below, Appellee,**

v.

**STATE of West Virginia, DIVISION OF MOTOR VEHICLES, Respondent Below, Appellant.**

No. 31740.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 11, 2005.

Decided March 17, 2005.

Edward M. Hall, Morgantown, for Appellee.

Darrell V. McGraw, Jr., Attorney General, Janet E. James, Assistant Attorney General, Charleston, for Appellant.

STARCHER, Justice:

In the instant case we reverse in part a circuit court's order that expunged DMV administrative records of a driver's license suspension.

## I.

### Facts & Background

In this case, the appellant is the Commissioner of the West Virginia Division of Motor Vehicles ("DMV"). The appellee is Jeffrey M. Mullen.

The DMV challenges portions of two orders that were entered on September 8 and September 30, 2003, by the Circuit Court of Ohio County. The two orders, entered pursuant to *W.Va.Code*, 61–11–25 [2000]:(1) expunged all criminal records relating to an arrest of the appellee for driving under the influence of alcohol ("DUI"); and (2) expunged all administrative records of a driver's license suspension that was imposed on the appellee by the DMV for the conduct by the appellee that led to the DUI arrest.[1]

*W.Va.Code*, 61–11–25 [2000] states:

(a) Any person who has been charged with a criminal offense under the laws of this state and who has been found not guilty of the offense, or against whom charges have been dismissed, and not in exchange for a guilty plea to another offense, may make a motion in the circuit court in which the charges were filed to expunge all records relating to the arrest, charge or other matters arising out of the arrest or charge: Provided, That any person who has previously been convicted of a felony may not make a motion for expungement pursuant to this section. The term records as used in this section includes, but is not limited to, arrest records, fingerprints, photographs, index references or other data whether in documentary or electronic form, relating to the arrest, charge or other matters arising out of the arrest or charge. Criminal investigation reports and all records relating to offenses subject to the provisions of article twelve, chapter fifteen of this code because the person was found not guilty by reason of mental illness, mental retardation or addiction are exempt from the provisions of this section.

(b) The expungement motion shall be filed not sooner than sixty days following the order of acquittal or dismissal by the court. Any court entering an order of acquittal or dismissal shall inform the person who has been found not guilty or against whom charges have been dismissed of his or her rights to make a motion for expungement pursuant to this section.

(c) Following the filing of the motion, the court may set a date for a hearing. If the court does so, it shall notify the prosecuting attorney and the arresting agency of the motion and provide an opportunity for a response to the expungement motion.

(d) If the court finds that there are no current charges or proceedings pending relating to the matter for which the expungement is sought, the court may grant the motion and order the sealing of all

---

1. The appellee apparently has already "served" his license suspension period and had his license reinstated. The appellee did not timely ask for a hearing or contest his administrative license suspension after the DMV sent him a notice of the suspension. The appellee explains his inaction by saying that he assumed that the dismissal of criminal DUI charges meant that license suspension proceedings were also ended. Apparently the appellee thereafter learned differently, but concluded that it was too late to ask for an administrative hearing. In *Nichols v. State*, 213 W.Va. 586, 584 S.E.2d 220 (2003), a driver requested a hearing on his DUI license suspension, and assumed that the dismissal of criminal charges negated the need for a hearing; we agreed that under the facts of that case a hearing should be given. We do not have any record of the notice that was given to the appellee in the instant case about his right to request a hearing. Because the appellee did not ask for an administrative hearing on his license suspension before the circuit court, nothing in this opinion addresses that issue.

records in the custody of the court and expungement of any records in the custody of any other agency or official including law-enforcement records. Every agency with records relating to the arrest, charge or other matters arising out of the arrest or charge, that is ordered to expunge records, shall certify to the court within sixty days of the entry of the expungement order, that the required expungement has been completed. All orders enforcing the expungement procedure shall also be sealed.

(e) Upon expungement, the proceedings in the matter shall be deemed never to have occurred. The court and other agencies shall reply to any inquiry that no record exists on the matter. The person whose record is expunged shall not have to disclose the fact of the record or any matter relating thereto on an application for employment, credit or other type of application.

(f) Inspection of the sealed records in the court's possession may thereafter be permitted by the court only upon a motion by the person who is the subject of the records or upon a petition filed by a prosecuting attorney that inspection and possible use of the records in question are necessary to the investigation or prosecution of a crime in this state or another jurisdiction. If the court finds that the interests of justice will be served by granting the petition, it may be granted.

The DMV does not challenge the portion of the circuit court's expungement orders that pertains to records of the appellee's arrest and criminal DUI charge; consequently we do not disturb the court's orders in that regard. We observe that the statutory predicates for the unchallenged circuit court order expunging the appellee's arrest and criminal charge records are not factually disputed; the criminal DUI charges against the appellee were dismissed two days after his arrest.

The issue before this Court therefore is whether *W.Va.Code*, 61–11–25 [2000] authorizes a court to expunge records of driver's license suspensions or other substantive administrative actions by the DMV; and if so, to what degree and under what circumstances.[2]

## II.

### Standard of Review

■ "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

## III.

### Discussion

■ When criminal charges are dismissed (not as part of a plea agreement) or a person is found not guilty, *W.Va.Code*, 61–11–25(d) [2000] authorizes the discretionary expungement by court order of "records in the custody *of any other agency or official ... relating to the arrest or charge or other matters arising out of the arrest or charge*[.]" (Emphasis added.)

Arguably, the records of the appellee's DMV administrative license suspension could fall within the broad "relating to" or "arising out of" ambit of this language—because the DMV's administrative license suspension proceedings for the appellee were triggered by and thus "arose out of" and are "related to"

---

2. Expungement does not ordinarily mean the actual physical destruction of records of an event or legal determination like a license suspension. Expungement more commonly means the limitation or negation of the legal relevance or effect of an event or determination, and the segregation, sealing, or other alteration of the records. *See, e.g., W.Va.Code*, 17C–5A–3a(f) [2004] (DMV suspension records); *W.Va.Code*, 61–11–25 [2000]; Syllabus Point 1, *State v. Van Isler*, 168 W.Va. 185, 283 S.E.2d 836 (1981) (statute expunging juvenile records prohibited their use in state's case-in-chief). Expungement is principally a creature of statute; this Court has recognized that the inherent powers of the Court may permit expungement as a remedy under certain circumstances. *See State ex rel. Crank v. City of Logan*, 178 W.Va. 548, 551, 363 S.E.2d 135, 138 (1987) (trial court correctly ordered expungement of DMV record); *State ex rel. Barrick v. Stone*, 201 W.Va. 569, 570–571, 499 S.E.2d 298, 299–300 (1997) (criminal record expungement order reversed).

the appellee's arrest for DUI and DUI criminal charge. *See W.Va.Code*, 17C–5A–1(b) & (c) [2004].

However, the DMV contends that the "other matters," "relating to," and "arising out of" language in *W.Va.Code*, 61–11–25 [2000] is so broad that its application in a given case must be subject to a reasonableness analysis and limited by the principle of statutory construction that eschews absurd results.[3] The DMV further argues that the general language of *W.Va.Code*, 61–11–25 (2000) does not authorize a court to expunge records of a legally separate administrative process based on the negation of "related" criminal charges.

■ This Court has clearly recognized that the two "tracks" of criminal and civil drivers' license-related proceedings that arise out of an incident where a person is accused of DUI are separate. But they are also interrelated—to the point that due process requires that the results of related criminal proceedings must be given consideration by the DMV in the DMV's administrative process. *See Choma v. West Virginia DMV*, 210 W.Va. 256, 260, 557 S.E.2d 310, 314 (2001).

In formulating a reasonable interpretation of this broad statutory language in the context of the instant case, we have the benefit of the opinions of several other courts that have addressed the issue of whether and to what degree criminal DUI arrest and charge record expungement extends to records of related drivers' license suspensions.

In *Commonwealth v. M.M.M.*, 779 A.2d 1158 (Pa.Super.2001), the court held that a criminal records expungement order did apply to civil driver's licensing records maintained by the state Department of Transportation ("DOT")—but only to records of DOT administrative actions that were based as a matter of law on criminal convictions.[4]

In an earlier case, however, *Conroy v. Comm. DOT*, 97 Pa.Cmwlth. 344, 509 A.2d 941 (1986), the Pennsylvania court held that a criminal record expungement order did *not* apply to the record of a DOT administrative license suspension that was based on a driver's refusal to take a breath test, and not on the fact of a criminal conviction.

In a Nevada case, *State, DMV v. Frangul*, 110 Nev. 46, 867 P.2d 397 (1994), the court considered a records expungement statute similar to *W.Va.Code*, 61–11–25 (2000). The court held that "the statute does not operate to expunge the outcome of a separate civil, administrative [driver's license] proceeding, even when a decision from that proceeding concerns a matter arising from the same events as the sealed arrest." 110 Nev. at 51, 867 P.2d at 400.

We believe that the reasoning of these cases is sound. If the Legislature had wanted to so intertwine the criminal and civil aspects of DUI law as to automatically void related administrative driver's license suspensions when DUI criminal charges are dropped or unproven, the Legislature could have clearly done so—but it did not. We are unwilling to read such a specific intent into the general language of *W.Va.Code*, 61–11–25 (2000).

---

3. We explained the rule against statutory absurdity in *Charter Communications VI, PLLC v. Community Antenna Service, Inc.*, 211 W.Va. 71, 77, 561 S.E.2d 793, 799 (2002) (citations omitted), when we said, "a well established canon of statutory construction counsels against ... an irrational result [for] '[i]t is the "duty of this Court to avoid whenever possible a construction of a statute which leads to absurd, inconsistent, unjust or unreasonable results." ' " *Dunlap v. Friedman's, Inc.*, 582 S.E.2d 841, 848, 213 W.Va. 394, 401 (2003) (Davis, J., dissenting). We agree that *W.Va.Code*, 61–11–25 (2000) uses such broad language that a literal reading and application of the statute could, in hypothetical situations, yield absurd results. A person could be arrested for speeding and then discover-

ed to have stolen property in the car. The charge of speeding could be dismissed and the person charged and convicted of receiving stolen property. In such a situation, would *W.Va.Code*, 61–11–25 [2000] authorize a court to expunge records of the stolen property conviction simply because it "arose from" or "related to" the speeding charge that was dismissed? Obviously not—this would be an absurd result. *W.Va.Code*, 61–11–25 [2000] cannot be sensibly read to authorize the expungement of literally all "arising out of" or "related to" records.

4. In West Virginia, for example, *W.Va.Code*, 17B–3–5 [1986] and 17B–3–6 [1997] provide for driver's license suspension upon certain criminal convictions.

We conclude that *W.Va.Code*, 61–11–25 [2000], as it pertains to West Virginia Division of Motor Vehicles ("DMV") records, does not authorize the expungement of records of substantive administrative determinations and actions by the DMV that did not result as a matter of law from the fact of a criminal DUI arrest, charge, or conviction.

### IV.

#### *Conclusion*

In the instant case, the DMV's license suspension proceedings against the appellant were triggered by the appellant's arrest. But the substantive license suspension action itself was not based upon the fact of a criminal DUI arrest or conviction, but upon a separate (and uncontested) administrative charge and subsequent administrative finding against the appellant.

*W.Va.Code*, 61–11–25 [2000] therefore did not authorize the circuit court to order the expungement of the DMV's records of the appellant's DUI license suspension. Those portions of the circuit court's orders relating to the DMV's records must be reversed.

Affirmed, in part; Reversed, in part.