# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: Petition of W.P. for Expungement of Record**

**Case No. 17-0318** (Kanawha County 17-P-49 and 50)

**FILED**

**February 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner W.P.,[1] pro se, appeals two orders of the Circuit Court of Kanawha County, entered on March 2, 2017, denying his petitions for expungement of the record in related misdemeanor cases. Respondent State of West Virginia, by counsel Benjamin F. Yancey, III, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 29, 2011, petitioner was involved in an altercation with his sister and another woman. According to the resulting criminal complaints, petitioner was charged with misdemeanor domestic battery pursuant to West Virginia Code § 61-2-28(a) for grabbing his sister "by the throat and push[ing] her down" onto a lounge chair and misdemeanor battery pursuant to West Virginia Code § 61-2-9(c) for shoving the other woman "with an open hand in the chest while she was holding a 9[-]month[-]old baby in a baby carrier."

Petitioner and the State entered into a pretrial diversion agreement pursuant to West Virginia Code § 61-11-22. The parties agreed that each misdemeanor charge would be dismissed if petitioner successfully completed the pretrial diversion program, which was to last six months. The Magistrate Court of Kanawha County accepted the parties' agreement and placed petitioner in the pretrial diversion program by order entered on November 15, 2011. The magistrate court's order was entered in Case No. 11-M-6104 regarding the battery charge, but reflected that the State also agreed "to dismiss [Case No.] 11-M-6041," the case regarding the domestic battery charge, at the end of the pretrial diversion program.

---

[1]By scheduling order entered on April 21, 2017, this Court deemed this case confidential pursuant to Rule 40(e) of the West Virginia Rules of Appellate Procedure.

1

Following petitioner's successful completion of the pretrial diversion program, the magistrate court dismissed the charges in separate orders entered on May 22, 2012. In Case No. 11-M-6041, the magistrate court dismissed the domestic battery charge, noting that it was "per plea" in the related Case No. 11-M-6104. In No.11-M-6104, the magistrate court dismissed the battery charge, noting that the pretrial diversion program was successfully completed.

On February 17, 2017, petitioner filed a petition for expungement of the record in the Circuit Court of Kanawha County with regard to the domestic battery charge. On February 21, 2017, petitioner filed a similar petition with regard to the battery charge. By separate orders entered on March 2, 2017, the circuit court denied the petitions. In each order, the circuit court noted that it "review[ed] the official court file" and found that "good cause" existed for denying petitioner's request for expungement.

Petitioner now appeals the circuit court's March 2, 2017, orders denying his petitions for expungement of the record.[2] "This Court reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion." Syl. Pt. 1, *In Re: A.N.T.*, 238 W.Va. 701, 798 S.E.2d 623 (2017).

On appeal, petitioner states that he seeks expungement of the record pursuant to West Virginia Code § 61-11-25, under which "a court may expunge records relating to certain criminal charges 'when [the] criminal charges are dismissed (not as part of a plea agreement).'" *A.N.T.*, 238 W.Va. at 704, 798 S.E.2d at 626 (quoting *Mullen v. State, Div. of Motor Vehicles*, 216 W.Va. 731, 733, 613 S.E.2d 98, 100 (2005)). The State counters that the circuit court properly denied the petitions. We agree with the State.

Petitioner does not dispute that he was charged with domestic battery pursuant to West Virginia Code § 61-2-28, which prohibits acts of domestic violence. West Virginia Code 61-11-22(e) provides, in pertinent part, that West Virginia Code § 61-11-25 is "inapplicable to defendants participating in pretrial diversion programs who are charged with a violation of [West Virginia Code § 61-2-28]." Therefore, we find that petitioner is not eligible to seek expungement

---

[2]Although not recognized by the modern Rules of Civil Procedure, petitioner also filed motions asking the circuit court "to reconsider" its March 2, 2017, orders. On appeal, petitioner describes those motions seeking to alter or amend the judgment pursuant to Rule 59(e). We note that a timely filed Rule 59(e) motion "suspends the finality of the judgment and makes the judgment unripe for appeal." Syl. Pt. 7, in part, *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995). However, upon our review of the record, petitioner did not file his "motions to reconsider" the March 2, 2017, orders until March 20, 2017. Therefore, we find that the motions were not timely filed under Rule 59(e), but are instead motions for relief from judgment pursuant to Rule 60(b). Rule 60(b) provides that "[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." *See also* Syl. Pt. 1, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). Accordingly, we consider petitioner's appeal in this posture.

of the record under West Virginia Code § 61-11-25.

In syllabus point 2 of *A.N.T.*, we reiterated that the circuit court has the inherent power to expunge the record in "extraordinary circumstances." 238 W.Va. at 702, 798 S.E.2d at 624 (quoting Syl. Pt. 1, *State ex rel. Barrick v. Stone*, 201 W.Va. 569, 499 S.E.2d 298 (1997)). We find that incidents of domestic violence are not extraordinary, but all too common. We agree with the State that the circumstances of this case provided the circuit court with sufficient cause to deny petitioner's requests for the expungement of the record. *See A.N.T.*, 238 W.Va. at 702-3, 798 S.E.2d at 624-5 (reversing an order of expungement where the petitioner was charged with domestic assault arising out of an altercation with her husband). Therefore, we conclude that the circuit court properly denied petitioner's petitions for expungement.

For the foregoing reasons, we affirm the circuit court's March 2, 2017, orders denying petitioner's petitions for expungement of the record.

Affirmed.

**ISSUED:** February 2, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3