**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**In Re: Petition of Douglas Kidd, III, for Expungement of Records**

**No. 21-0886** (Kanawha County 21-P-303)

**MEMORANDUM DECISION**

Petitioner Douglas Kidd, III, appeals the September 28, 2021, order of the Circuit Court of Kanawha County denying his petition for expungement of records in several criminal cases, in which charges against him were dismissed.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate pursuant to Rule 21 of the West Virginia Rules of Appellate Procedure.

In 2020, petitioner was convicted of voluntary manslaughter with the use of a firearm, a felony offense, and sentenced to fifteen years of incarceration.[2] According to petitioner, in thirty-three other criminal cases filed against him between 2003 and 2013, various charges against him were dismissed. In at least ten of those cases, the dismissals were entered pursuant to plea agreements.

In 2021, petitioner, relying on West Virginia Code § 61-11-25(a), filed a petition for expungement of records in the thirty-three criminal cases in which charges against him were dismissed. West Virginia Code § 61-11-25(a) provides, in pertinent part:

> (a) Any person who has been charged with a criminal offense under the laws of this state . . . *against whom charges have been dismissed, and not in exchange for a guilty plea to another offense,* may file a civil petition in the circuit court in which the charges were filed to expunge all records relating to the arrest, charge or other matters arising out of the arrest or charge: . . . *Provided, further, That any person*

---

[1]Petitioner is self-represented. Respondent State of West Virginia appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lara K. Bissett.

[2]The circuit court also sentenced petitioner to one year of incarceration for battery on a correctional employee, a misdemeanor, which the court ran consecutive to his fifteen-year sentence for voluntary manslaughter with the use of a firearm.

*who has previously been convicted of a felony may not file a petition for expungement pursuant to this section.*

(Emphasis added). The circuit court, by order entered on September 28, 2021, found that it did not need to hold a hearing on the expungement petition and denied the petition given "[p]etitioner's lengthy criminal history."

Petitioner now appeals that September 28, 2021, order denying the expungement petition. "'This Court reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion.' Syllabus point 1, *In re A.N.T.*, 238 W. Va. 701, 798 S.E.2d 623 (2017)." Syl. Pt. 1, *In re I.S.A.*, 244 W. Va. 162, 852 S.E.2d 229 (2020).

On appeal, petitioner argues that the circuit court erred by failing to hold a hearing on his expungement petition. In support of this position, petitioner relies upon West Virginia Code § 61-11-26(i), which he contends required the circuit court to hold a hearing on his petition. We find no merit to petitioner's claim. Because petitioner seeks expungement pursuant to West Virginia Code § 61-11-25, that section—not West Virginia Code § 61-11-26—governs the procedure to be employed by the circuit court. West Virginia Code § 61-11-25(c) provides that "[f]ollowing the filing of the petition, the court *may* set a date for a hearing." (Emphasis added). Accordingly, it was within the circuit court's discretion to hold a hearing. *See In re Krein*, No. 13-0694, 2014 WL 1672945, at *1 (W. Va. Apr. 25, 2014) (memorandum decision) ("West Virginia Code § 61-11-25(c) provides that whether to hold a hearing is within the court's discretion."). Because petitioner has not demonstrated how the failure to hold a hearing constitutes an abuse of discretion—other than his reliance on an inapplicable statutory provision—we conclude that the circuit court did not err by ruling on the petition without holding a hearing. *See id.* (concluding that the circuit court did not abuse its discretion by refusing to hold a hearing on the petition for expungement where petitioner did not "identify any evidence or argument that he would have presented during a hearing that was not already set forth in his written petition").

Petitioner further argues that the circuit court's findings were insufficient to deny his expungement petition. The State concedes that the circuit court failed to make adequate findings. Nevertheless, "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965). The State argues that the record discloses grounds upon which this Court may affirm the denial of the expungement petition. We agree.

The first ground upon which the State relies relates to the charges that were dismissed pursuant to plea agreements. As this Court recognized in *A.N.T.*, West Virginia Code § 61-11-25(a) provides that "a court may expunge records relating to certain criminal charges 'when [those] criminal charges are dismissed *(not as part of a plea agreement)*.'" *A.N.T.*, 238 W. Va. at 704, 798 S.E.2d at 626 (emphasis added) (quoting *Mullen v. State, Div. of Motor Vehicles*, 216 W. Va. 731, 733, 613 S.E.2d 98, 100 (2005)). The second ground upon which the State relies relates to *all* of the dismissed charges petitioner seeks to expunge from his record. West Virginia Code § 61-11-25(a) prohibits "'[a] person who has previously been convicted of a felony'" from filing a petition

2

for expungement "'pursuant to this section.'" *Mullen*, 216 W. Va. at 732, 613 S.E.2d at 99 (quoting W. Va. Code § 61-11-25(a)). It is undisputed that petitioner has previously been convicted of a felony, as he is currently serving a fifteen-year sentence of incarceration for voluntary manslaughter with the use of a firearm, a felony offense. Therefore, as the record discloses grounds that support the decision of the circuit court, we find that the circuit court's denial of petitioner's expungement petition did not constitute an abuse of discretion.

For the foregoing reasons, we affirm the circuit court's September 28, 2021, order.

Affirmed.

**ISSUED:** February 7, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn