# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

Fall 2025 Term

_____

No. 24-ICA-496

_____

FILED

**November 13, 2025**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

IN RE: PETITION OF M.W. FOR EXPUNGEMENT OF RECORD
_____

Appeal from the Circuit Court of Randolph County
Honorable David H. Wilmoth, Judge
Case No. CC-42-2024-P-86

AFFIRMED
_____

Submitted:  September 16, 2025
Filed:  November 13, 2025

Jeremy B. Cooper, Esq.
Blackwater Law PLLC
Pittsburgh, Pennsylvania
Counsel for Petitioner

John B. McCuskey, Esq.
Attorney General
Holly M. Mestemacher, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for the Respondent State of West
Virginia

Anthony D. Eates II, Esq.
Deputy Attorney General
Charleston, West Virginia
Counsel for the Respondent West Virginia
State Police

JUDGE WHITE delivered the Opinion of the Court.

WHITE, JUDGE:

Petitioner M.W.[1] appeals the November 11, 2024, final order entered by the Circuit Court of Randolph County, which denied his petition for expungement of his conviction entered in Elkins Municipal Court. Based upon our review of the record and applicable law, we find that the circuit court did not abuse its discretion in denying petitioner's petition for expungement, as petitioner was not eligible for expungement pursuant to West Virginia Code § 61-11-26(c)(5) (2020). Accordingly, we affirm the circuit court's November 11, 2024, order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was charged in 2006 with one count of domestic battery of his ex-wife. On November 6, 2006, petitioner pleaded guilty and was convicted of the lesser misdemeanor offense of battery in the Municipal Court of Elkins under Elkins City Code § 130.002 (B) (1981), which provides that "if any person unlawfully and intentionally makes physical contact of an insulting or provoking nature with [another person], he or she shall be guilty of a misdemeanor." Petitioner was sentenced to a fine of $100. The domestic battery charge was dismissed.

---

[1] Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in the case. *See* W. Va. R. App. P. 40(e)(1); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

On August 4, 2024, petitioner filed a verified petition in the Circuit Court of Randolph County seeking expungement of his misdemeanor conviction of battery under West Virginia Code § 61-11-26. The circuit court, on August 5, 2024, directed the Randolph County Prosecutor's Office to investigate and file a report regarding petitioner's eligibility for expungement under West Virginia Code § 61-11-26.

The Randolph County Prosecutor's Office filed its report as directed on August 16, 2024. The report indicated that a background check, records request, and review of the relevant statute had been performed. In the report, the Assistant Prosecuting Attorney concluded that "[b]ecause the State is unable to make a determination regarding eligibility due to lack of clarity in the records of the municipal court regarding the conviction, the State does not object to the petition and does not request a hearing in this matter."

Respondent West Virginia State Police filed a Notice of Opposition to Petition for Expungement on August 30, 2024, citing that West Virginia Code § 61-11-26 precluded expungement of petitioner's misdemeanor conviction. The basis of respondent's opposition centered on the fact that petitioner was convicted of battery involving his former wife, with whom he cohabited, which respondent contends falls within the exclusion under West Virginia Code § 61-11-26(c)(5) and the intent of the Legislature to prevent expungement of criminal records involving domestic violence.

In his reply to respondent's Notice of Opposition, petitioner conceded that the language of Ordinance § 130.002 of the Elkins Code of Ordinances "is largely similar" to West Virginia Code § 61-2-9 (2017). However, petitioner argues that if the Legislature had intended for battery convictions from municipal court to be excluded under West Virginia Code § 61-11-26(c)(5), it would have stated so "in plain language, in the same manner as other crimes within the same code section."

The circuit court denied the petition after hearing arguments from the parties on October 22, 2024. The circuit court concluded that petitioner was convicted of an "offense which violates…§ 61-2-9(c)" because the essential elements of battery under the state code and the Elkins Code of Ordinances are identical. Therefore, the circuit court held that the forum of the criminal proceeding does not dictate eligibility for expungement, rather, eligibility is determined by the defendant's conduct.

It is from this order that petitioner now appeals.

## II.  STANDARD OF REVIEW

The Supreme Court of Appeals of West Virginia ("SCAWV") "reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion." Syl. Pt. 1, *In re A.N.T.*, 238 W. Va. 701, 798 S.E.2d 623 (2017). To the extent

that it is necessary for this Court to interpret a statute, the SCAWV has held that "[w]here the issue on an appeal from the circuit court is clearly a question of law involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). With these standards in mind, we now consider petitioner's arguments.

## III. DISCUSSION

In West Virginia, there are two bases for judicial expungement of criminal records: statutory authority and the inherent power of the courts. The SCAWV has stated: "Expungement is principally a creature of statute; [however], this Court has recognized that the inherent powers of the Court may permit expungement as a remedy under certain circumstances." *Mullen v. Div. of Motor Vehicles*, 216 W. Va. 731, 733 n.2, 613 S.E.2d 98, 100 n.2 (2005). Petitioner on appeal asks this Court to determine the extent of the statutory authority of West Virginia Code § 61-11-26(c)(5). Specifically, petitioner asks if a battery conviction under a municipal ordinance that mirrors West Virginia Code § 61-2-9(b) or § 61-2-9(c) in its elements but carries a different penalty falls within the violations excluded from expungement. As we explain below, West Virginia Code § 61-11-26(c)(5) excludes petitioner's municipal battery conviction from expungement.

4

Initially, we must determine whether a circuit court in West Virginia is able to expunge a municipal conviction pursuant to West Virginia Code § 61-11-26. Pursuant to West Virginia Code § 61-11-26 "a person convicted of a misdemeanor offense or offenses may, pursuant to the provisions of this section, petition the circuit court in which the conviction or convictions occurred for expungement of the conviction or convictions and the records associated with the conviction or convictions." In this case, the petitioner requested a circuit court grant an expungement of a municipal conviction. Thus, the question is whether West Virginia Code § 61-11-26 is applicable to the case at hand.

Statutory interpretation and construction are well-established in West Virginia. "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. Pt. 2, *In re: I.S.A.*, 244 W. Va. 162, 852 S.E.2d 229 (2020). Further, "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." *Id.* at Syl. Pt. 3 (citing Syl. Pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951)).

"A statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Sizemore v. State Farm General Ins. Co.*, 202 W.

5

Va. 591, 596, 505 S.E.2d 654, 659 (1998) (quoting *Hereford v. Meek*, 132 W. Va. 373, 386, 52 S.E.2d 740, 747 (1949)). We conclude that West Virginia Code § 61-11-26 is susceptible to at least two constructions. One reading of the statute is that one can only petition the circuit court in which the conviction occurred for the expungement. Another reading of the statute is that one can petition the circuit court for an expungement of any misdemeanor in a circuit court of the county where the misdemeanor conviction occurred. Thus, we find that West Virginia Code § 61-11-26 is ambiguous as to whether it is applicable to a municipal conviction. Therefore, we should interpret the statute in accordance with the rules of statutory construction to determine its applicability to municipal convictions.

According to the SCAWV,

> [a] statute should be so read and applied as to make it accord with the spirit, purposes, and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law applicable to the subject-matter, whether constitutional, statutory, or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith.

Syl. Pt. 5, *State v. Snyder*, 64 W. Va. 659, 63 S.E. 385 (1908).

6

Utilizing the above framework, we find that the statute extends to municipal convictions in municipal courts. West Virginia Code § 61-11-26 is part of a comprehensive, statewide framework for the expungement of criminal records. The procedural structure of that statute expressly includes municipalities, most notably through its provisions requiring notice to local officials when a municipal conviction is involved.

West Virginia Code § 61-11-26(e) mandates service of a petition for expungement to the Superintendent of the State Police; the prosecuting attorney of the county or counties of conviction; the chief of the law-enforcement agency which arrested the petitioner; the superintendent, warden, or the Commissioner of Corrections of any institution in which the petitioner was confined or imprisoned pursuant to the conviction; and the circuit court, magistrate court, or *municipal court* which disposed of the petitioner's criminal charge. By directing that municipalities receive notice, the Legislature contemplated municipal participation in the expungement process. These procedural requirements reflect a legislative design under which municipal convictions are governed by the same substantive eligibility criteria and exclusions applicable to state-law offenses.[2] Accordingly, pursuant to the rules of statutory construction, West Virginia Code § 61-11-26 allows a circuit court to expunge a misdemeanor municipal court conviction.

---

[2] This Court acknowledges that municipalities possess the authority to adopt and enforce their own ordinances, records, and enforcement procedures. Nothing in this opinion should be construed as infringing upon the authority granted to municipalities.

7

In the present case, petitioner contends that the statute in question was intended by the Legislature to apply solely to violations of state code. Notwithstanding that the ordinance mirrors identically the statutory language regarding the elements of battery, petitioner emphasizes the different penalties in the statute compared to the ordinance, and that such divergence underscores the legislative intent to limit the statute's application to state statutes. Accordingly, petitioner asserts that if the Legislature had intended for the provision to extend to municipalities, it would have expressly articulated that intent within the statutory text.

Respondent conversely argues that the identical language between the municipal ordinance and the state statute supports a broader interpretation of West Virginia Code § 61-11-26(c)(5). We agree. This Court finds that the legislative intent as enumerated in West Virginia Code § 61-11-26 is not confined solely to application to state statutes.

West Virginia Code § 61-11-26(c)(5) limits a circuit court's discretion to expunge records. Certain convictions of

> "[a]ny offense which violates § 61-2-9(b) or §61-2-9(c) of this code in which the victim was a spouse, a person with whom the person seeking expungement had a child in common, or with whom the person seeking expungement ever cohabited prior to the offense or a violation of § 61-2-28…"

are not eligible for expungement. To determine whether the limits set forth under §61-11-26(c)(5) apply to petitioner's municipal conviction, one must compare the state battery

statute and the municipal battery ordinance. West Virginia Code § 61-2-9 sets forth the elements for battery under subsection (c) as

> "[a]ny person who unlawfully and intentionally makes physical contact of an insulting or provoking nature to the person of another or unlawfully and intentionally causes physical harm to another person is guilty of a misdemeanor and, upon conviction thereof, shall be confined in jail for not more than twelve months or fined not more than $500, or both fined and confined."

Ordinance § 130.002 ASSAULT; BATTERY of the Elkins Municipal Code recites the very same elements for the offense of battery, stating under (B) that "[if] a person unlawfully and intentionally makes physical contact of an insulting or provoking nature with the person of another or unlawfully and intentionally causes physical harm to another person, he or she shall be guilty of a misdemeanor." The Elkins ordinance also incorporates as a statutory reference West Virginia Code § 61-2-9.

Although petitioner was convicted under a city ordinance, the ordinance's elements mirror those of the state statute and address the identical criminal conduct of battery.[3] Furthermore, it is undisputed that the victim of the battery was a former spouse

---

[3] Under Chapter 8 of the West Virginia Code, municipalities possess broad police powers "to provide by ordinance for the government, protection, order, conduct, safety, health and well-being of persons and property within the corporate limits … so long as the same is not inconsistent or in conflict with the Constitution and laws of this State." See W. Va. Code § 8-12-5 (2023). Pursuant to these powers, municipalities may establish courts and prescribe penalties for ordinance violations, provided those penalties do not exceed statutory limits. This framework authorizes cities to enact ordinances mirroring state criminal statutes when doing so promotes public safety and does not conflict with state

and cohabitant. Petitioner's battery conviction falls precisely in the category encompassed by the state exclusion.

A municipal ordinance, such as Ordinance § 130.002 of the Elkins Municipal Code, that is derivative of and substantively based upon a state criminal statute is a valid exercise of municipal police power under Chapter 8 of the West Virginia Code. Municipal ordinances frequently mirror state criminal statutes. Where a municipal ordinance prohibits conduct identical to that described in a state statute expressly excluded from expungement, the exclusion applies notwithstanding the fact that it is a municipal offense as opposed to a state offense.

Furthermore, permitting expungement of a municipal offense equivalent to West Virginia Code §§ 61-2-9 or 61-2-28 would result in unequal treatment for identical conduct, contrary to the Legislature's intent to establish a uniform prohibition on expungement of violent offenses such as battery committed upon a current or previous domestic partner. The designation of an offense as "municipal" does not alter its substantive character.

---

law. Accordingly, the City of Elkins acted within its statutory authority in adopting an ordinance prohibiting domestic-battery-type conduct. Such ordinances represent a valid exercise of municipal police power.

The language of West Virginia Code § 61-11-26(c)(5) is clear and plainly expresses the legislative intent, and under West Virginia's laws of statutory construction, should not be interpreted by the courts but simply applied. Petitioner's interpretation of West Virginia Code § 61-11-26 undermines the purpose intended by the Legislature. Under the plain and ordinary meaning of the statute, petitioner's municipal battery conviction is not eligible for expungement under West Virginia Code § 61-11-26(c)(5).

## IV.  CONCLUSION

Based on the foregoing, we find that the circuit court did not abuse its discretion in denying petitioner's petition for expungement, and the November 11, 2024, order of the Circuit Court of Randolph County is affirmed.

Affirmed.